

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00124-CV

**RICHARD S. OHENDALSKI,**

                                                            **Appellant**

 **v.**

**FRANK DANIEL LEASURE AND CHOCTAW
PAYROLL SERVICES, INC., DAN-CAV
ENTERPRISES, INC., THE ELC TRUST, AND
MOUNTAINTOP MANAGEMENT TRUST,**

                                                            **Appellees**

From the 278th District Court
Walker County, Texas
Trial Court No. 24,095

## DISSENTING OPINION

This appeal presents a recurring problem: the proper procedure to be utilized

when one party believes a Rule 11 agreement to settle the entire proceeding has been

breached by the other party. We should take this opportunity to clarify the procedure

and try to prevent future problems. The Court's disposition is contrary to Supreme Court

precedent and the precedent from this Court. It, therefore, fails to provide the guidance needed for the bench and bar.

Ohendalski sued Leasure and four other defendants. Both Ohendalski and Leasure initially represented themselves. It also appears that Leasure filed an answer on behalf of himself and the four entities that were also named as defendants, although it does not appear that Leasure is an attorney. Notwithstanding the answers filed, Ohendalski obtained a default judgment. Leasure then hired an attorney that was successful in having the default judgment set aside. Thereafter, Ohendalski and Leasure entered into a settlement agreement. Then the trouble really began.

Leasure paid the agreed amount of the settlement to Ohendalski. Ohendalski dismissed his claims against Leasure but not his claims against the other four defendants. When Ohendalski began to try to obtain discovery from the other four defendants, Leasure filed a motion to enforce the settlement agreement as a "Rule 11 Agreement." Leasure contends that the Rule 11 Agreement required Ohendalski to dismiss all the defendants, in effect dismissing his entire case in the trial court. In response, Ohendalski contended that under the agreement he was not required to dismiss anyone other than Leasure, and that if the settlement agreement required more than that, he was fraudulently induced into the agreement. Ohendalski, prior to the entry of judgment, also filed a document which he contends revoked his assent to the settlement agreement. The trial court, nevertheless, resolved the disputed factual allegations, and construed the

agreement to require the dismissal of the entire case.

The question thus framed is whether a trial court may grant a motion to enforce a Rule 11 Agreement and render a judgment that enforces the agreement that one party contends disposes of the entire proceeding if the other party raises factual issues or defenses and otherwise opposes that disposition. The simple answer, supported by ample case authority, is that the trial court cannot. Texas does not have a procedure that allows such a disposition. The proper procedure for the party asserting a failure to comply with a Rule 11 Agreement that the party contends settled the entire dispute is to amend their pleadings to assert a breach of contract claim. The party asserting the breach of a Rule 11 Settlement Agreement, in this case Leasure, must then use traditional procedural tools to dispose of the issue.

The most likely procedure would be for the allegedly aggrieved party to then file a motion for summary judgment, with the procedural safeguards provided therein, to prove the validity of and to enforce the Rule 11 Agreement. This Court described the application of this procedure in the disposition of *Nancarrow v. Whitmer*, 463 S.W.3d 243 (Tex. App.—Waco 2015, no pet.).

As the Texas Supreme Court succinctly expressed the rule of law in an essentially identical procedural context:

> When a trial court has knowledge that one of the parties to a suit does not consent to a judgment, the trial court should refuse to sanction the agreement by making it the judgment of the court. … Here, the trial court was fully advised that the Quinteros did not consent to the joint motion to

dismiss when it rendered the judgment of dismissal.  Therefore, the trial court erred and the judgment of dismissal must be set aside.

*Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983).

In this proceeding, Leasure used an improper procedural vehicle to dispose of potentially disputed fact issues.  Ohendalski challenged the propriety of that procedure in the trial court before judgment was rendered against him and now complains about the result of using that improper procedure on appeal.  While Ohendalski's pro se brief may not be a work of legal art, it directs the Court to the proper authorities that show the trial court erred in disposing of his trial court case by simply granting Leasure's motion to enforce the Rule 11 Settlement Agreement.[1]

Consequently, I would sustain Issue 3 in Ohendalski's brief, reverse the trial court's judgment, and remand this proceeding to the trial court for a proper disposition of the issues that must be resolved by a fact finder or summary judgment procedure.[2]  Because the Court does not, I respectfully dissent.

TOM GRAY
Chief Justice

---

[1] This is not to say that no Rule 11 agreement can be enforced by a motion.  Some Rule 11 agreements relate to issues like discovery where it may be appropriate to resolve the dispute via motion practice.  But whether this Rule 11 agreement involved the settlement of the entire case is the disputed issue and, therefore, cannot be resolved simply by a motion to enforce.

[2] As to the other issues raised by Ohendalski, I would not rule on Issue 1 as that is the dispute that must be resolved on remand.  I would overrule Issues 2 and 4 because the trial court has the authority, with rare exceptions not applicable here, to change its mind with regard to the ruling on a motion or proceeding until it has lost plenary jurisdiction.  I would dismiss Issue 5 because the trial court subsequently filed findings of fact and conclusions of law.  And I would not reach Issue 6 because it is unnecessary to a disposition of this appeal.

Dissenting opinion delivered and filed March 29, 2017

